IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                  )<br>             Plaintiff,           )<br>                                  )<br>        vs.                       )<br>                                  )<br>THE NORTHERN TRUST COMPANY,       )<br>as Trustee of the Caterpillar Inc. Master )<br>Trust,                            )<br>                                  )<br>             Defendant.           )<br>_____) | No. 98 C 7272 |
| UNITED STATES OF AMERICA,        )<br>                                  )<br>             Plaintiff,           )<br>                                  )<br>        vs.                       )<br>                                  )<br>THE NORTHERN TRUST COMPANY,       )<br>as Trustee of the Inland Steel Industries )<br>Pension Trust,                    )<br>                                  )<br>             Defendant.           ) | No. 98 C 8217 |

## MEMORANDUM OPINION AND ORDER

In this long drawn-out controversy Northern Trust Co. has itself made its peace with the government, but it has brought two new actions in hopes, apparently, that the new defendants can somehow show that Northern Trust Co. should not be liable (so they are not liable) or can be required to assume the economic burdens of its liability, or it can rescind the underlying transactions and thus extinguish the tax liability arising from them. The two cases are <u>Northern Trust Co. v. MS Securities Services, Inc.</u> (Morgan Stanley), <u>Bear Stearns and</u>



<u>Company, Inc. and Bear Stearns Security Corporation</u> (Bear Stearns), 05 C 3370, pending before Judge Zagel, and <u>Northern Trust Co. v. Merrill Lynch, et al.</u>, 05 C 3373, assigned to Judge Gottschall. Northern Trust Co. moves to have those cases designated as related cases to those pending before this court. Morgan Stanley does not object to the relatedness motion. Merrill Lynch does object, with memoranda explaining why. Bear Stearns also objects, relying on the Merrill Lynch submissions. We grant the motion.

The new cases should be heard by one judge, and the choices are this court or Judge Zagel, who has the lowest numbered case of the two new cases. The two new cases are related to each other in the classic sense. The relatedness of those cases to the 1998 cases is less apparent, particularly as Merrill Lynch represents that it has no intention of contending that Northern Trust Co. has no tax liability. It apparently becomes a dispute between Northern Trust Co. and the brokerage defendants, with the government looking on.

The reason, however, for the new cases, was Northern Trust's concern that the peculiarities of the tax laws did not permit it to bring the brokerage defendants into the 1998 cases. The government, we are told, has now advised Northern Trust Co. that it is mistaken. So now it could, presumably, dismiss the new cases and start over here. We are also mindful that the amount of overlap between the old and new cases has yet to be determined and could be considerable. While the court has only a limited understanding of the QFV transactions, it does have a head start on Judge Zagel. Finally, there can be no dispute that the cases, together, relate to the economic consequences of the QFV transactions. We think those are reasons enough to litigate all the disputes here. We are mindful that judges denying relatedness motions have sometimes imposed somewhat stringent standards – but they were denying, not granting, the motion. The ultimate judgment is not substantive; it only relates

to which judge will hear a matter that is going to be heard by one of the judges in any event. We think this court should be the one.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

_Oct. 11_, 2005.